SIXTH DIVISION 

November 8, 2002

No. 1-00-0916

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee, 

v.

RUSSELL MORRIS,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Stuart E. Palmer,

Judge Presiding.

JUSTICE O'MARA FROSSARD delivered the opinion of the court:

Following a jury trial, defendant Russell Morris was convicted of armed robbery, residential burglary, possession of a stolen motor vehicle and aggravated unlawful restraint.  He was sentenced to a total of 25 years in prison.  Defendant's convictions were affirmed on direct appeal.  
People v. Morris
, 229 Ill. App. 3d 144 (1992).  Defendant subsequently filed a supplemental petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 
et
 
seq.
 (West 2000)), which the trial court dismissed without granting an evidentiary hearing.  Defendant appeals, contending the dismissal violated a directive from our previous opinion to conduct an evidentiary hearing and was improperly based on factual determinations.  We reverse the dismissal of the petition at the second stage of the post-conviction process and remand for an evidentiary hearing.

BACKGROUND

The evidence established that two masked men broke into an apartment, where, armed with a gun, they bound and gagged two victims, stole money and various items including the victims' two automobiles.  The facts of the case were related in our previous opinion, and 
we will discuss only the facts relevant to resolution of this appeal.  
Morris
, 229 Ill. App. 3d at 149-54.

At a pretrial hearing, defendant litigated a motion to suppress his oral confession, arguing that  his statement was coerced. Defendant presented three witnesses: his mother, Helen Morris; his girlfriend, Evelyn Rodriguez; and a friend, Robert Reyes.  The trial court denied defendant's motion to suppress his oral confession.

On the day of jury selection, defense counsel requested a continuance because two key defense witnesses Evelyn Rodriguez and Robert Reyes were unavailable.  
Morris
, 229 Ill. App. 3d at 162.  Both Rodriguez and Reyes testified at the motion to suppress regarding defendant's physical condition during or after questioning by the police.
  Defense counsel requested the trial be reset because Rodriguez had moved and  Reyes was out of town.  The trial court denied the motion for a continuance.  Despite the fact that both Rodriguez and Reyes had previously testified during the motion to suppress defendant's confession, the trial court, in denying the continuance, reasoned that defense counsel failed to answer the State's discovery request, and noted that the names of these defense witnesses had not been disclosed to the State.  
Morris
, 229 Ill. App. 3d at 162. 

Following the State's case at trial, defense counsel sought to present two alibi witnesses, Jamie Sweat and Eddy Veizaga.  Defense counsel told the court he had just learned of both witnesses from defendant's mother, Helen Morris.  Sweat was the former boyfriend of defendant's sister and employed as a warehouse foreman at Maloney, Cunningham and Derrick.  Veizaga was a critical care practitioner at Lincoln West Memorial Hospital and a friend of defendant's mother.  The trial court conducted a 
voir
 
dire
 of each alibi witness outside the presence of the jury.  The trial court refused to allow either Sweat or Veizaga to testify before the jury because defendant failed to disclose the alibi defense or to provide the State the names of the alibi witnesses during pretrial discovery.  
Morris
, 229 Ill. App. 3d at 162-64.

The only evidence offered by the defense was the defendant's own testimony.  Defendant testified that he spent the earlier part of the evening in question with Rodriguez, Reyes, and another friend.  When Rodriguez left, at approximately 8:15 p.m., defendant went to Veizaga's home where he stayed until approximately 12:15 a.m.  He returned to Reyes' house, where he found co-offender Ross leaving.  Defendant admitted that he had given gifts to Rodriguez, which included items belonging to the victims, but claimed that Ross sold him those items.

On direct appeal, defendant raised, among other issues, numerous allegations of ineffective assistance of trial counsel.  Those allegations included defendant's claims that his trial counsel failed to timely investigate, locate, disclose and secure as a witness Rodriguez, failed to disclose his mother Helen Morris as a witness, failed to disclose and secure Reyes as a witness and failed to timely investigate, locate and disclose Sweat and Veizaga, his alibi witnesses, before trial.  
Morris
, 229 Ill. App. 3d at 165.  Defendant claimed that the trial court improperly excluded those witnesses from testifying during trial. 

We found on direct appeal that it was not error for the trial court to exclude the witnesses including the alibi witnesses (
Morris
, 229 Ill. App. 3d at 165).  However, we did not address defendant's claim regarding his trial counsel's alleged ineffectiveness regarding these witnesses.  We found that according to the record, defense counsel "did not discover until midtrial that Sweat, Veizaga, or defendant's mother could provide exculpatory testimony in defendant's behalf" (
Morris
, 229 Ill. App. 3d at 165), and that defendant's claims required consideration of matters outside the record (
Morris
, 229 Ill. App. 3d at 166).  For the same reason, we did not address defendant's claim that his counsel's incompetence deprived him of the opportunity to call Rodriguez and Reyes.  
Morris
, 229 Ill. App. 3d at 166.  In declining to address these claims, we indicated that such matters would be "more properly addressed in a proceeding for post-conviction relief, where a complete record can be made regarding defendant's allegations in this regard."  
Morris
, 229 Ill. App. 3d at 166.

Defendant filed a supplemental post-conviction petition alleging that he was denied effective assistance of trial counsel by counsel's failure to file an answer to discovery or disclose and secure the two alibi witnesses, Sweat and Veizaga, whom the trial court refused to allow to testify.  Defendant also claimed his counsel was ineffective for failing to disclose and secure Rodriguez, resulting in the exclusion of her testimony also.  

To support his petition, defendant attached three affidavits: his own; his trial counsel, John Purney's; and his mother's.  There are no affidavits from the alibi witnesses or from Rodriguez.  However, the record contains the trial court 
voir
 
dire
 of each alibi witness conducted outside the presence of the jury in midtrial.  In his affidavit, defendant stated that he informed Purney, "well before the start of trial," that Sweat and Veizaga could testify as alibi witnesses, and defendant indicated Purney's statement in court midtrial that he had just found out about the alibi witnesses was "untrue."  Purney, consistent with defendant's affidavit, admitted in his affidavit that defendant informed him before trial "that there were several witnesses who he could call to testify regarding an alibi."
  Purney stated in his post-conviction affidavit that he did not file an answer to the State's discovery request, give the State "notice or any information regarding witnesses defendant would call at trial," and did not inform the State of an alibi defense.  Helen Morris, defendant's mother, stated in her affidavit that shortly before the middle of the trial, she learned that Sweat and Veizaga were alibi witnesses, and that both Sweat and Veizaga were present in court during trial.  Morris stated that she served Evelyn Rodriguez with a subpoena and that Rodriguez appeared in court later that same day, but was never called by defense counsel to testify.

The State's motion to dismiss the petition contended defendant's claims were unsupported allegations.  The State contended that defendant's own affidavit was insufficient to establish Sweat's or Veizaga's alleged alibi testimony and that defendant did not name either man when he testified about his alibi at trial.  The State attached as exhibits transcripts of the court's 
voir
 
dire
 of Sweat and Veizaga and an excerpt of defendant's trial testimony.  The State also contended that Sweat and Veizaga contradicted defendant's own testimony about his alibi.  The State alleged that Rodriguez disappeared after testifying at defendant's motion to suppress his confession, and defendant could not show that he was prejudiced by her failure to testify at trial.  

The State argued at the hearing on the motion to dismiss that the failure to call Sweat and Veizaga did not prejudice defendant.
  Defense counsel acknowledged some minor discrepancies in their testimony, but contended defendant was prejudiced by his trial counsel's failure to disclose or call the alibi witnesses.  Defense counsel challenged the State's assertion that Rodriguez had disappeared after her pretrial testimony, noting the affidavit of Helen Morris indicating she served Rodriguez with a subpoena and Rodriguez appeared in court later that same day.  

In ruling on the State's motion to dismiss defendant's post-conviction petition, the court recognized that Rodriguez was known to the State and defense from her pretrial testimony at the hearing to suppress defendant's confession and concluded, for that reason, that Rodriguez would not have been excluded from testifying at trial.  The court, noting that Rodriguez testified at the motion to suppress, concluded that "her not being called as a witness at the trial may well have been a strategy decision based on the lack of success of her testimony heard previously."  The court found that nothing in the record established that defendant's trial counsel was precluded from calling Rodriguez.  The court further found that defendant failed to establish prejudice from counsel's failure to disclose the two alleged alibi witnesses and granted the State's motion to dismiss.

ANALYSIS

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 
et
 
seq
. (West 1998)) provides that a defendant may challenge his conviction by alleging "that in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both."  725 ILCS 5/122-1 (West 1998); 
People v. Tenner
, 175 Ill. 2d 372, 377 (1997).  A petition filed under the Act must "clearly set forth the respects in which petitioner's constitutional rights were violated."  725 ILCS 5/122-2 (West 1998).  The petition shall have attached "affidavits, records, or other evidence" as required by section 122-2 of the Act "supporting its allegations or shall state why the same are not attached."  725 ILCS 5/122-2 (West 1998); 
People v. Collins
, No. 90679, (March 15, 2002).
  Post-conviction relief is a collateral proceeding, not an appeal from the underlying judgment.  
People v. Evans
, 186 Ill. 2d 83, 89 (1999).  All issues decided on direct appeal are 
res
 
judicata
, and all issues that could have been raised in the original proceeding but were not are waived.  
People v. Whitehead
, 169 Ill. 2d 355, 371 (1996).  If a claim of ineffective assistance of counsel is based on matters outside the record, then it could not have been raised on appeal and, consequently, is not waived in a post-conviction petition.  
People v. Owens
, 129 Ill. 2d 303 (1989).  
  

In cases not involving the death penalty, the Act establishes a three-stage process for adjudicating a petition for post-conviction relief.  
People v. Gaultney
, 174 Ill. 2d 410, 418 (1996).  At the first stage of a post-conviction proceeding, the circuit court determines whether the petition alleges a constitutional infirmity that, if proven, would necessitate relief under the Act.  
People v. Coleman
, 183 Ill. 2d 366, 380 (1998).  The  first stage presents a pleading question.  Unless positively rebutted by the record, all well-pleaded facts are taken as true at this stage, and the trial court's determination is subject to 
de
 
novo
 review.  
Coleman
, 183 Ill. 2d at 385, 388-89.

If the petition is not dismissed and survives the first stage of the post-conviction process then  subsection (b) of section 122-2.1 of the Act provides that "*** the court shall order the petition to be docketed for further consideration in accordance with Sections 122-4 through 122-6."  725 ILCS 5/122-2.1(b) (West 1998).
  The petition in this case survived the first stage, therefore, the circuit court was required to docket the pleading and appoint counsel if necessary, both of which were done in this case.  725 ILCS 5/122-2.1 (West 1998).  At the second stage of the post-conviction process,  the State is required to either answer the pleading or move to dismiss.  725 ILCS 5/122-5 (West 1998).  If at the second stage the State files a motion to dismiss, the trial court must rule on the legal sufficiency of the defendant's allegations, taking all well-pleaded facts as true.  
People v. Ward
, 187 Ill. 2d 249, 255 (1999).  The State in this case, rather than answer the petition, moved for dismissal, which was granted by the circuit court.

We are mindful that we review this case at the second stage of the post-conviction process.  Based on the procedural posture of this case, the relevant question is whether the allegations of the petition, supported by the record and accompanying documents demonstrate a substantial showing of a constitutional violation.  
Edwards
, 197 Ill. 2d at 245-46.  If at the second stage a substantial showing of a constitutional violation is established, the petition is advanced to the third stage for an evidentiary hearing.  725 ILCS 5/122-6 (West 1998); 
Gaultney
, 174 Ill. 2d at 418.  On appeal defendant argues that the circuit court erred in dismissing his post-conviction petition and requests the case be remanded for an evidentiary hearing on the petition. 

The standard of review to be applied to the circuit court's ruling dismissing the petition at the second stage of the post-conviction petition is 
de
 
novo
.  
Coleman
, 183 Ill. 2d at 378-89.  The court in 
Coleman
 indicated as follows:

"Thus, at the dismissal stage of a post-conviction proceeding, whether under section 122-2.1 or under section 122-5, the circuit court is concerned merely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity which would necessitate relief under the Act.  Moreover, our past holdings have foreclosed the circuit court from engaging in any fact-finding at a dismissal hearing because all well-pleaded facts are to be taken as true at this point in the proceeding.  [Citations.]"  
Coleman
, 183 Ill. 2d at 380.

The court in 
Coleman
 recognized that factual disputes raised by the pleadings require determination of the truth or falsity of the supporting documents, including affidavits and exhibits, and such determination cannot be made at a hearing on a motion to dismiss at either the first or second stage of the post-conviction process but, rather, can only be resolved by an evidentiary hearing.  
Coleman
, 183 Ill. 2d at 381, citing 
People v. Caballero
, 126 Ill. 2d 248, 259 (1989), and 
People v. Wegner
, 40 Ill. 2d 28, 31-32 (1968).

       I. FAILURE TO FOLLOW MANDATE

Defendant contends that the trial court violated a directive from our previous opinion to conduct an evidentiary hearing.  
Morris
, 229 Ill. App. 3d at 172 (affirming the circuit court's judgment).  We declined to address, on direct appeal, defendant's claims regarding his trial counsel's alleged failure to timely investigate, locate and disclose the alibi witnesses Sweat and Veizaga and to locate and disclose Rodriguez as a witness, depriving him of the opportunity to call these witnesses at trial.  
Morris
, 229 Ill. App. 3d at 166-67.  We stated that, because these claims involved matters outside the record, 
such matters would be more properly presented in a petition for post-conviction relief.  
Morris
, 229 Ill. App. 3d at 165-67
.

Defendant interprets our discussion as an order to the trial court to hold an evidentiary hearing.  The State argues that it was not such an order.  W
e need not resolve the conflicting interpretations argued by the State and defense because, for the reasons that follow, we find that regardless of those interpretations, the circuit court erred in denying defendant an evidentiary hearing.

We further note, despite the clear statement in our previous opinion that the ineffective assistance claim would be more properly addressed in a post-conviction petition, the State contends that the issue of ineffective assistance of counsel was 
res
 
judicata
.  We reject the State's 
res
 
judicata
 argument because, as previously noted, on direct appeal we declined to address defendant's ineffective assistance claim and specifically indicated that this claim would be "more properly addressed in a proceeding for post-conviction relief, where a complete record can be made regarding defendant's allegations in this regard."  
Morris
, 229 Ill. App. 3d at 166.

II. DISMISSAL OF PETITION ALLEGING INEFFECTIVE

ASSISTANCE OF COUNSEL WAS ERROR

Defendant argues that the failure by defense counsel to investigate the alibi defense, to advise the State of an alibi defense, to disclose the names of all trial witnesses and to subpoena or locate Rodriguez, Sweat and Veizaga for purposes of presenting their testimony at trial on behalf of defendant denied him the effective assistance of counsel as guaranteed by the sixth
 amendment of the United States Constitution and article I, section 8, of the Illinois Constitution. 

In 
Strickland v. Washington
, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984), the United State Supreme Court established the following two-prong test to determine whether a defendant has been denied effective assistance of counsel: (1) the defendant must show that counsel's representation fell below an objective standard of reasonableness; and (2) the defendant must show prejudice in that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  
Strickland
, 466 U.S. at 687, 694, 80 L. Ed. 2d at 693, 698, 104 S. Ct. at 2064, 2068.
  A reasonable probability is "a probability sufficient to undermine confidence in the outcome," and defendant has the burden of demonstrating that, absent counsel's errors, "the factfinder would have had a reasonable doubt respecting guilt."  
Strickland
, 466 U.S. at 694, 695, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068; 
People v. Collins
, 106 Ill. 2d 237, 274 (1985). 

In deciding whether there has been ineffective assistance, a court must determine "whether counsel's assistance was reasonable considering all the circumstances."  
Strickland
, 466 U.S. at 695, 688, 80 L. Ed. 2d at 698, 694, 104 S. Ct. at 2069, 2065.  The defendant must overcome a "strong presumption" that his lawyer's conduct constitutes sound trial strategy and falls within the wide range of reasonable professional assistance.  
Strickland
, 466 U.S. at 689, 80 L. Ed. 2d at 694-95, 104 S. Ct. at 2065.  A defendant is entitled to competent not perfect representation.  
People v. Odle
, 151 Ill. 2d 168, 173 (1992).
  Competence of defense counsel is to be determined not from isolated incidents, but from a consideration of the totality of counsel's conduct.  
People v. Mitchell
, 105 Ill. 2d 1, 15 (1984). 
 

A. Alleged Deficient Performance By Defense Counsel

Regarding Rodriguez, Sweat and Veizaga, defendant contends trial counsel was ineffective for failure to timely investigate, failure to answer discovery, disclose, locate, subpoena or secure these witnesses to testify on his behalf at trial.  Defendant's petition alleges that trial counsel knew where to locate Rodriguez; Rodriguez did appear in court during trial, but was not called by defense counsel to testify for defendant.  The petition also alleges that before trial, defendant told trial counsel about the alibi witnesses.  

Whether defense counsel was ineffective for failure to investigate is determined by the value of the evidence that was not presented at trial and the closeness of the evidence that was presented.  
People v. Dillard
, 204 Ill. App. 3d 7, 10 (1990).  Attorneys have an obligation to explore all readily available sources of evidence that might benefit their clients.  
Brown v. Sternes
, 
No. 01-2326, slip op. at 24 (7
th Cir. September 4, 2002), citing 
Hall v. Washington
, 106 F.3d 742, 749 (7th
 Cir. 1997).  Defense counsel has a professional obligation, both legal and ethical, to explore and investigate a client's alibi defense.  It is fundamental that this obligation necessarily requires discussion by defense counsel with the client regarding the alibi defense.  Failure to conduct investigation and develop a defense has been found to be ineffective assistance.  
People v. Wright
, 111 Ill. 2d 18 (1986).  Failure to present available witnesses to corroborate a defense has been found to be ineffective assistance.  
People v. Solomon
, 158 Ill. App. 3d 432 (1987).

In determining whether a defendant has been denied his right to the effective assistance of counsel, we use a "fact sensitive analysis," which seeks to measure "the quality and impact of counsel's representation under the circumstances of the individual case."  
People v. Garza
, 180 Ill. App. 3d 263, 268 (1989), citing 2 W. LaFave & J. Israel, Criminal Procedure §11.10, at 28 (Supp. 1988).  In 
People v. Garza
, 180 Ill. App. 3d 263 (1989), we found ineffective assistance of counsel when defense counsel failed to call alibi witnesses or to elicit inconsistencies from the State's only eyewitness.  
Garza
, 180 Ill. App. 3d at 268.  In that case, the identification statements by the eyewitness were inconsistent.  The eyewitness twice selected other individuals from mug books and the identification was unreliable.  We further rejected the State's argument that defense counsel's failure to call witnesses, including an alibi witness, was trial strategy and we found no sound reason not to call the alibi witness.
  
Garza
, 180 Ill. App. 3d at 269.

In 
People v. Montgomery
, 327 Ill. App. 3d 180 (2001), defendant sought post-conviction relief alleging ineffective assistance of counsel.  We found the record did not rebut allegations regarding defense counsel's failure to investigate and present medical evidence that would demonstrate the cause of the victim's death was not homicide.  We recognized that trial counsel has a duty to conduct both factual and legal investigations on behalf of the client.  
Montgomery
, 327 Ill. App. 3d 180.
  We reversed dismissal of the post-conviction petition and advanced the petition to the second stage of the post-conviction process.  
Montgomery
, 327 Ill. App. 3d at 191. 

In the instant case, regarding ineffective assistance of trial counsel, defendant, in his affidavit, alleged as follows: "Prior to trial, I told my attorney that Jamie Sweat and Eddy Veizaga could testify that I was with them at the time of the robbery, and that they should be called as alibi witnesses.  I gave this information to John Purney well before the start of trial.  I spoke with him on a number of occasions from the bullpen on my court dates.  I asked John Purney several times before trial whether he had contacted Sweat or Veizaga.  He promised he would contact them, but to my knowledge he never did.  John Purney stated in court on April 19,1988 that he had just found out about the alibi witnesses.  This statement was untrue."
  

The fact that Purney had not spoken to alibi witness Veizaga until the middle of trial was demonstrated during the trial judge's 
voir
 
dire
 of Veizaga, which occurred several days after the trial was underway.  Veizaga's testimony during 
voir
 
dire
 by the trial judge corroborates defendant's affidavit regarding the allegation that Purney did not contact alibi witnesses before trial.  Veizaga, during 
voir
 
dire
 by the trial judge, indicated he first spoke to Purney on the day he testified, which was in the middle of trial.  Defendant stated in his affidavit that he believed his trial counsel did not interview his alibi witnesses before trial.  Defendant's affidavit was supported by the trial record containing the testimony of Veizaga that he first spoke to Purney midtrial.

Defendant's affidavit was additionally corroborated by Purney's post-conviction affidavit.  Purney stated in his affidavit that he was told by defendant before trial about "several" alibi witnesses, but did not inform the State about the alibi defense.  Purney also admitted that he did not file an answer to the State's discovery request and did not give the State notice or any information regarding defense witnesses.  Specifically, Purney stated in his affidavit as follows: "Prior to trial, Russell informed me that there were several witnesses who he could call to testify regarding an alibi.  I never filed an answer to the State's discovery request, I did not give the State notice or any information regarding witnesses defendant would call at trial.  I did not give the State specific information regarding defendant's alibi defense.  Due to this failure to comply with discovery rules, I was not permitted to call as witnesses two alibi witnesses who were present in court or any witnesses other than the defendant." 

Purney's post-conviction affidavit indicating he was informed about alibi witnesses before trial directly contradicted the explanation Purney gave previously during trial to the trial judge.  The record reflects in the middle of trial, Purney stated contrary to his post-conviction affidavit that it was not until midtrial that he discovered Sweat and Veizaga could provide an alibi, and that is why he failed to disclose the alibi witnesses to the State before trial.  
Purney does not explain this contradiction.  

The affidavit of Helen Morris indicated that she had spoken to Sweat and Veizaga and both were willing to testify on behalf of the defendant at trial.  Both Sweat and Veizaga were in court for that purpose.  However, the trial court refused to allow either Sweat or Veizaga to testify because defense counsel failed to disclose their names to the State in pretrial discovery.  
Morris
, 229 Ill. App. 3d at 162-64.  

During trial, the only evidence offered by the defense was the defendant's own testimony as to his alibi.
  Neither victim could identify their assailants because they wore masks.  The statement introduced into evidence against defendant was oral, and contested by defendant.  Defendant explained his possession of some proceeds from the crime in that he purchased them from Ross.
  In this case, the theory of defense was that defendant could not have committed the robbery and residential burglary because he was with Rodriguez, Sweat and later Veizaga during the time of the crime.  

Defendant alleges that a competent attorney would have interviewed and disclosed the alibi witnesses before trial because these witnesses were the only witnesses who could provide an alibi for defendant at the time of the crime.  The record does not rebut that allegation.  The alleged failure by defense counsel to interview and disclose witnesses may be indicative of deficient representation, particularly when, as in this case, the record reflects that defendant told trial counsel about several alibi witnesses prior to trial and their testimony was favorable.  
People v. Greer
, 79 Ill. 2d 103 (1980); 
Coleman
, 183 Ill. 2d at 398.
  The pleadings, affidavits and record raise factual disputes as to the nature and extent of the investigation undertaken by defense counsel prior to trial regarding defendant's alibi and the alibi witnesses.  

Regarding Evelyn Rodriguez, the record reflects that Rodriguez testified at the motion to suppress defendant's statement that she was present at the police station while defendant was being questioned.  At the hearing on the motion Rodriguez offered testimony to corroborate defendant's claim that he was beaten at the police station during questioning.  Rodriguez disclosed the name of her employer at the hearing on the motion to suppress.  

On April 21, 1988, while the trial was still in progress, defendant's mother served Rodriguez with a subpoena at her place of employment.  Helen Morris indicated in her affidavit that Rodriguez reported to court that same day, but was not called by defense counsel to testify on behalf of defendant.  The record does not reflect why defense counsel failed to call Rodriguez once she reported to court in the middle of trial.  In dismissing the post-conviction petition, the court noted that Rodriguez testified at the motion to suppress, but concluded that "her not being called as a witness at the trial may well have been a strategy decision based on the lack of success of her testimony heard previously."  Characterizing as strategy, defense counsel's failure to call Rodriguez as a witness is contradicted by the fact that defense counsel indicated his intent to call Rodriguez as a witness on the day the jury was selected and specifically sought a continuance in order to locate Rodriguez for that very purpose.  The record does not resolve this contradiction.  

Finding trial counsel's failure to call Rodriguez to be a strategy decision based on the lack of success of her testimony as heard by the trial court during the motion to suppress fails to recognize that a different trier of fact, the jury, would have determined the success of her testimony at trial.  Defendant's alleged oral confession was critical to the State's case.  Defendant testified to the jury that during interrogation about the crime he was  beaten by the officers; defense counsel indicated his intent to call Rodriguez as a witness, but failed to disclose and call Rodriguez who allegedly was present in court to corroborate defendant's testimony.  We note Rodriguez had previously testified at the hearing on the motion to suppress defendant's confession that she observed the defendant shaking frantically, his face was red, like he had been crying, and she heard him crying and screaming from the interrogation room.  Defendant alleges that a competent attorney would have called Rodriguez to corroborate the coercive circumstances surrounding his interrogation by the police.

We note, the court in dismissing the petition, found that nothing in the record established that defense counsel was precluded from calling Rodriguez.  However, at the beginning of trial, the trial court denied defense counsel's request for a continuance in order to locate Rodriguez because counsel failed in pretrial discovery to disclose Rodriguez to the State as a witness.  The court's conclusion in dismissing the petition that because Rodriguez was known to the State from her pretrial testimony at the suppression hearing the trial court would not have excluded her from testifying at trial is directly contradicted by the record.  The trial court refused to grant a continuance in order for defense counsel to present Rodriguez as a witness at trial precisely because defense counsel failed to disclose Rodriguez as a witness.  
Morris
, 229 Ill. App. 3d at 162.  Despite the fact that Rodriguez had previously testified during the motion to suppress, the trial court in denying defense counsel a continuance in order to present Rodriguez as a witness specifically noted that defense counsel failed to answer the State's discovery request and failed to disclose names of defense witnesses to the State.  
Morris
, 229 Ill. App. 3d at 162.  
The pleadings, affidavits and record raise unanswered questions of fact as to counsel's failure to disclose or secure Rodriguez as a witness. 

The record demonstrates the unrebutted allegations that defense counsel failed to investigate the alibi defense before trial, failed to interview alibi witnesses before trial, failed to disclose any witnesses in compliance with discovery before trial and failed to subpoena or secure any witnesses to testify on behalf of defendant at trial.  The record demonstrates the unrebutted allegation that defense counsel failed to call Rodriguez regarding the circumstances surrounding defendant's interrogation despite the fact that she reported to court during trial.  There are unanswered questions as to why defense counsel at the beginning of trial sought a continuance in order to locate Rodriguez who he indicated he planned to call as a witness, but then, failed to call Rodriguez as a witness when she reported to court during trial. 

The State offered no answer to the allegations of ineffective assistance based on these alleged failures but, rather, proceeded by way of a motion to dismiss.  The record reflects no explanation by defense counsel in his post-conviction affidavit as to why he failed to investigate the alibi witnesses before trial, timely disclose Rodriguez or the alibi witnesses in discovery or timely locate and call any witnesses on behalf of defendant at trial.  
Those failures prohibited any witnesses from testifying on behalf of defendant.  Regarding Sweat, Veizaga and Rodriguez, the pleading, affidavits and record raise unanswered questions of fact.

Defendant's affidavit, Purney's affidavit and the affidavit of Helen Morris, together with the record, satisfy the deficiency prong of defendant's claim of ineffective assistance of counsel in the context of the second stage of the post-conviction process. 
 Based on the unrebutted allegations, we find the record fails to reflect sound trial tactics or trial strategy excusing defense counsel from investigating defendant's alibi or disclosing witnesses favorable to defendant or securing those witnesses to testify at trial.  In the context of the second stage of the post-conviction process, we conclude that defense counsel's representation, as alleged, fails to satisfy the objective standard of reasonableness required under the deficiency prong of the 
Strickland
 test. 

B. Alleged Prejudice as Result of Deficient Performance By Defense Counsel

We next address whether the prejudice prong of the 
Strickland
 test regarding ineffective assistance of counsel in the context of the second stage of the post-conviction process has been satisfied.  In order to establish prejudice "The defendant must prove that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  
Richardson
, 189 Ill. 2d at 411.

In 
People v. House
, 141 Ill. 2d 323, 386 (1990), trial counsel failed to investigate evidence which would have established that the victim described someone other than defendant at the scene.  Based on the closeness of the evidence, the Illinois Supreme Court found that the failure to conduct such investigation and present evidence was ineffective assistance of counsel which likely affected the outcome of the case.  
House
, 141 Ill. 2d at 386.

In the instant case, according to the victims' trial testimony, neither of the offenders "ever removed his mask" during the crime.  
Morris
, 229 Ill. App. 3d at 150.  Defendant testified that at various points during the evening in question he was with Rodriguez, Sweat and Veizaga.   
Morris
, 229 Ill. App. 3d at 153.  Defendant was not positively identified by the victims.  No fingerprints were found.  No physical evidence found at the scene of the crime inculpated defendant.  Defendant testified he was repeatedly beaten by the officers (
Morris
, 229 Ill. App. 3d at 154); however, Rodriguez was not called by defense counsel at trial to corroborate defendant's testimony regarding the circumstances surrounding defendant's interrogation.  

Defense counsel's alleged failure to timely investigate, disclose and secure or subpoena the alibi witnesses, Sweat and Veizaga, directly resulted in the trial court precluding the alibi witnesses from testifying.  
Morris
, 229 Ill. App. 3d 162-64.  Defense counsel's failure to disclose and subpoena Rodriguez directly resulted in the trial court denying defense counsel's motion, at the beginning of trial, for a continuance in order to locate Rodriguez to testify on behalf of defendant.  
Morris
, 229 Ill. App. 3d at 162.  Later, during trial, when Rodriguez reported to court, defense counsel failed to call her as a witness.  Defense counsel's alleged failures to investigate and disclose witnesses are unrebutted by the record.   

We are mindful that none of the affidavits provided information concerning the substance of the testimony of either alibi witness.  In 
People v. Mendez
, 221 Ill. App. 3d 868, 873 (1991), we addressed whether defendant's affidavit without affidavits of the alibi witnesses was sufficient to support the defendant's claim of ineffective assistance of counsel.  We found where the alleged alibi witnesses could not be located, the defendant's own affidavit, without affidavits of the witnesses themselves, was insufficient to support the defendant's claim of ineffective assistance of counsel.  For an attack on the competency of trial counsel to be successful, defendant must demonstrate the potential testimony of the witnesses trial counsel failed to call or contact.  
People v. Guest
, 166 Ill. 2d 381 (1995).

In 
People v. Collins
, No. 90679 (March 15, 2002), the Illinois Supreme Court affirmed dismissal of a first- stage post-conviction petition because defendant's petition was not supported by " 'affidavits, records, or other evidence' and offered no explanation for the absence of such documentation."  
Collins
, slip op. at 4.  Here, the second-stage petition in this case was supported by affidavits and previous trial records containing the 
voir
 
dire
 statements of the alibi witnesses who were present at trial but prevented from testifying on behalf of defendant because defense counsel failed to disclose their names to the State in pretrial discovery.  This petition, unlike the petition in 
Collins
, satisfies the verified-affidavit requirement under the Act (725 ILCS 5/122-1(b) (West 2000)) and is supported by "affidavits, records, or other evidence" in compliance with the Act (725 ILCS 5/122-2 (West 2000)).  

Unlike 
Collins
, 
Guest
 or 
Mendez
, the trial record in this case memorialized the testimony of the alibi witnesses who were present in court and were ready and willing to testify on behalf of defendant at the time of trial.  The 
voir
 
dire
 of Eddie Veizaga and Jamie Sweat by the trial judge demonstrated their available alibi testimony. 

Based on the record, together with the nature of the evidence precluded from the jury's consideration as the result of defense counsel's conduct,
 we find defendant's petition satisfies the prejudice prong of the ineffective assistance of counsel claim in the context of the second stage of the post-conviction process.  

                CONCLUSION

The allegations regarding trial counsel's failure to timely investigate, locate, disclose, secure or subpoena and present defense witness testimony are not positively rebutted by the record.  
Coleman
, 183 Ill. 2d at 385.  The pleading, affidavits and record raise unanswered questions of fact.  Unless positively rebutted by the record, factual disputes raised by the pleadings require determination of the truth or falsity of the supporting documents and cannot be resolved at a hearing on a motion to dismiss at the second stage of the post-conviction process.  
Coleman
, 183 Ill. 2d at 381.  Here, where the  evidence connecting defendant to the crime was his oral confession and proceeds found in his possession, we cannot conclude the alleged failure to investigate, locate, disclose, secure or subpoena and present Rodriguez and the alibi witnesses was reasonable trial strategy or did not affect the outcome of the trial.  

We are mindful that this case presents review of a second-stage dismissal of a post-conviction petition.  Whether the petition, record and any accompanying documents make a substantial showing of a constitutional violation is a second-stage inquiry.  The allegations of ineffective assistance of counsel satisfy both prongs of the 
Strickland
 test in the context of the second stage of the post-conviction process.  The allegations demonstrate a substantial showing of a constitutional violation.  In this case defendant's allegations were supported by the accompanying affidavits and by the record.  Based on the record, we find the petition survives second-stage dismissal and shall advance to the third stage of the post-conviction process for an evidentiary hearing.
  The experienced trial judge is to determine by conducting a hearing whether defendant has been denied effective assistance of counsel as guaranteed by the sixth amendment of the United States Constitution and article I, section 8, of the Illinois Constitution.
  

The hearing will provide an opportunity to address those questions raised by this record, together with those questions previously identified by this court in our opinion on direct appeal 
as "more properly addressed in a proceeding for post-conviction relief."  
Morris
, 229 Ill. App. 3d at 166.  Those questions include, but are not limited to the following: (1) whether trial counsel communicated "with defendant and defendant's family with respect to the evidence to be presented in defendant's behalf at trial" (
Morris
, 229 Ill. App. 3d at 166); (2) whether trial counsel found out about the alibi witnesses in the middle of trial or whether trial counsel was told before trial that Sweat and Veizaga were alibi witnesses; (3) whether trial counsel investigated the alibi or interviewed the alibi witnesses or any other defense witnesses before trial; (4) "whether trial counsel failed to communicate with defendant and his family with respect to the witnesses to be called as alibi witnesses at trial" (
Morris
, 229 Ill. App. 3d at 166); (5) what was "the extent of investigation undertaken by defendant's attorney prior to trial" (
Morris
, 229 Ill. App. 3d at 166); (6) what efforts were undertaken by defense counsel to secure the presence of "Rodriguez in order to provide testimony on behalf of defendant at trial" (
Morris
, 229 Ill. App. 3d at 167); (7) why defense counsel failed to disclose Rodriguez, Sweat and Veizaga to the State before trial; and (8) why defense counsel failed to call Rodriguez as a defense witness when she was in court during trial. 

Our holding is limited to the conclusion that defendant is entitled to an evidentiary hearing at the third stage of the post-conviction process regarding the allegations.  We emphasize that we make no determination regarding the outcome of that hearing.  
We take no position on defendant's ability to prove his ineffective assistance claim.  At this stage of the proceeding, taking all well-pleaded facts as true, we find the allegations of the petition, supported by the record and accompanying documents, demonstrate a substantial showing of a constitutional violation.  For the reasons previously discussed, we find this petition should advance to the third stage of the post-conviction process for an evidentiary hearing.  We reverse the judgment of the circuit court dismissing the post-conviction petition and remand for an evidentiary hearing.

Reversed and remanded with directions.

O'BRIEN, P.J., and GALLAGHER, J., concur.