SIXTH DIVISION

December 28, 2001

No. 1-00-0497

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee, 

v.

MICHAEL MONTGOMERY,

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

Appeal from the

Circuit Court of

Cook County

Honorable

Daniel Kelley,

Judge Presiding.

JUSTICE O’MARA FROSSARD delivered the opinion of the court:

The testimony presented at trial was recounted by this court in 
People v. Montgomery
, 302 Ill. App. 3d 1 (1998).  We will detail here only those facts relevant to our resolution of this appeal.  On May 14, 1993, Debbie Vinson was found dead in an alley behind 1716 West 79th Street.  The police investigation led to defendant’s arrest.  After a bench trial defendant was found guilty of first degree murder, aggravated criminal sexual assault, criminal sexual assault and unlawful restraint.  Defendant was sentence to an extended term of 70 years for first degree murder and a consecutive sentence of 30 years for aggravated criminal sexual assault.  Defendant appealed from those judgments in case No. 1-97-2531.  On December 7, 1998, we affirmed the judgment of the circuit court.

Defendant filed a 
pro se
 petition for post-conviction relief alleging multiple violations of his constitutional rights, including ineffective assistance of trial counsel and appellate counsel.  Defendant’s request for appointment of legal counsel for his petition was denied.

Defendant in his 
pro se
 post-conviction petition alleged that his sixth amendment right to effective assistance of counsel was denied because trial counsel did not investigate or adequately prepare for or present evidence at trial.  Based on the evidence at trial including the fact that Vinson suffered from grand mal seizures and had ingested cocaine shortly before her death, defendant alleged that it was ineffective assistance for his trial counsel not to have had an independent medical expert evaluate the medical records and forensic evidence related to Vinson's death.
  Defendant alleged that such an expert would have refuted the conclusion reached by the prosecution witness, Dr. Kalelkar, that Vinson died of strangulation.  

Defendant also alleged ineffective assistance in that trial counsel failed to move for an independent medical evaluation as to defendant's fitness to stand trial as a result of his uncontrolled diabetes mellitus at the time of his trial.  Defendant further alleged ineffective assistance of appellate counsel for failure to raise these alleged meritorious issues during the direct appeal.  Attached to the petition were defendant’s affidavit and letters from Dr. Seltzberg, the doctor who found defendant fit to stand trial.

On December 22, 1999, the same judge who presided over defendant’s trial dismissed the petition as being without merit.  The trial judge indicated that defendant had not made a substantial showing that his constitutional rights were violated, as none of his submissions supported his contentions.  The court concluded that defendant had failed to demonstrate prejudice on his ineffective assistance claims and that he had not put forth any evidence that he was not fit to stand trial.
  Defendant appeals the dismissal of his post-conviction petition.

ANALYSIS 

The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 
et seq.
 (West 1998)) provides that a defendant may challenge his conviction for violations of federal or state constitutional rights.  
People v. Tenner
, 175 Ill. 2d 372, 377 (1997).  Post-conviction relief is a collateral proceeding, not an appeal from the underlying judgment.  
People v. Evans
, 186 Ill. 2d 83, 89 (1999).  All issues decided on direct appeal are 
res judicata
, and all issues that could have been raised in the original proceeding but were not are waived.  
People v. Whitehead
, 169 Ill. 2d 355, 371 (1996).  There are circumstances under which the waiver rule may be relaxed.  For example, 
res judicata
 and waiver will be relaxed when appropriate under principles of fundamental fairness.  
People v. Holman
, 191 Ill. 2d 204, 210 (2000).  The waiver rule is relaxed where the alleged waiver stems from the incompetence of appellate counsel.  
Whitehead
, 169 Ill. 2d at 371.  If a claim of ineffective assistance of counsel is based on matters outside the record, then it could not have been raised on appeal and, consequently, is not waived in a post-conviction petition.  
People v. Owens
, 129 Ill. 2d 303 (1989).

Where the death penalty is not involved, the Act establishes a three-stage process for adjudicating a petition for post-conviction relief.  
People v. Gaultney
, 174 Ill. 2d 410, 418 (1996).  This case was before the trial court at the first stage of the post-conviction process.  We rely on the language of the Act for purposes of defining the first-stage pleading standard.  A defendant may proceed under the Act by alleging “that in the proceedings which resulted in his or her conviction there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both.”  725 ILCS 5/122-1 (West 1998).  A petition filed under the Act must “clearly set forth the respects in which petitioner’s constitutional rights were violated.”  725 ILCS 5/122-2 (West 1998).  The petition shall have attached “affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached.”  725 ILCS 5/122-2 (West 1998).  At the first stage, the Act does not permit any further pleadings from the defendant or any motions or responsive pleadings from the State.  
Gaultney
, 174 Ill. 2d at 418.

The trial court at this stage of the proceeding is not to consider the petition on the merits; rather, it is to consider the petition independently.  
Gaultney
, 174 Ill. 2d at 418.  At the first stage of a post-conviction proceeding, the circuit court determines whether the petition alleges a constitutional infirmity which if proven would necessitate relief under the Act.  
People v. Coleman
, 183 Ill. 2d 366, 380 (1998).
  We are mindful that the first stage presents a pleading question.  Unless positively rebutted by the record, all well-pled facts are taken as true at this stage and the trial court’s determination is subject to 
de novo
 review.  
Coleman
, 183 Ill. 2d at 385, 388-89.

Whether the petition and any accompanying documents make a substantial showing of a constitutional violation is a second-stage inquiry.  
People v. Edwards
, 197 Ill. 2d 239, 245 (2001).  If at the second stage a substantial showing of a constitutional violation is set forth, the petition is advanced to the third stage for an evidentiary hearing.  725 ILCS 5/122-6 (West 1998); 
Gaultney
, 174 Ill. 2d at 418. 
 Based on the procedural posture of this case, the relevant question is whether, pursuant to section 122-2.1(a)(2) of the Act, defendant’s petition was properly dismissed at the first stage of the post-conviction proceeding.  That question is resolved by determining whether defendant’s “petition is frivolous or is patently without merit.”  725 ILCS 5/122-2.1(a)(2) (West 1998); 
Edwards
, 197 Ill. 2d at 245.

The Act provides: “If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision.”  725 ILCS 5/122-2.1(a)(2) (West 1998).
  Section 122-2.1 of the Act directs the trial court to conduct a threshold evaluation of the allegations pled in the post-conviction petition and to dismiss the petition if “frivolous” or “patently without merit.”  725 ILCS 5/122-2.1 (West 1998).  “In considering a petition pursuant to this Section, the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding.”  725 ILCS 5/122-2.1(c) (West 1998).  Those records should be examined to determine whether the well-pleaded facts are positively rebutted by the record.  That determination will assist the trial court in resolving the issue as to whether the petition is frivolous or patently without merit.  With this procedural backdrop in mind, we address the defendant’s arguments on appeal.

I. Ineffective Assistance of Trial Counsel 

Defendant’s petition alleges that trial counsel was ineffective for failing to investigate the case and present expert evidence regarding the victim’s cause of death.  Ineffective assistance of counsel is established when it is proven that counsel’s representation fell below an objective standard of reasonableness and that, but for counsel’s deficient performance, the outcome of the proceeding would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 694, 80 L. Ed. 2d 674, 693, 698, 104 S. Ct. 2052, 2064, 2068 (1984).  The defendant must overcome a “strong presumption” that his lawyer’s conduct falls within the wide range of reasonable professional assistance and that the challenged conduct constitutes sound trial strategy.  
Strickland
, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065.  If the ineffectiveness claim can be disposed of on the basis that the defendant did not suffer sufficient prejudice, a court need not consider whether counsel’s performance was deficient.  
Strickland
, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069; 
People v. Erickson
, 161 Ill. 2d 82, 90 (1994).

A. Failure to Investigate

Defendant contends trial counsel was ineffective for failing to investigate.  The theory of defense was that Vinson died not from strangulation but from a seizure, as she suffered from a grand mal type of seizure disorder.  The only evidence offered by the defense was by way of stipulation that Vinson had a 20-year history of seizure disorders for which she was taking medication.  Trial counsel has a duty to conduct both factual and legal investigations on behalf of the client.  
People v. Morris
, 3 Ill. 2d 437, 452 (1954).
  Whether defense counsel’s failure to investigate amounts to ineffective assistance is determined by the value of the evidence that was not presented at trial and the closeness of the evidence that was presented.  
People v. Dillard
, 204 Ill. App. 3d 7, 10 (1990).  Here, there was no physical evidence linking defendant to the crime other than his statement to the police.
  Medical evidence that Vinson died from a seizure, not as the result of strangulation, would not only have contradicted defendant's statement, but could have raised a reasonable doubt as to Vinson’s cause of death.

In 
People v. House
, 141 Ill. 2d 323, 386 (1990), trial counsel failed to investigate evidence that would have established the foundation for testimony that the victim described someone other than defendant at the scene.  Based on the closeness of the evidence, the Illinois Supreme Court found that the failure to conduct such an investigation and present evidence was ineffective assistance of counsel that likely affected the outcome of the case.  
House
, 141 Ill. 2d at 386.  In 
People v. Garza
, 180 Ill. App. 3d 263 (1989), we found ineffective assistance of counsel that was outcome determinative when defense counsel failed to call alibi witnesses or to elicit inconsistencies from the State's only eyewitness who linked defendant to the crime.

At this point in the proceeding, we conclude that defense counsel’s representation, as alleged, falls below the objective standard of reasonableness required under the first prong of the 
Strickland
 test.  Moreover, based on this record, we cannot say the alleged failure by trial counsel to investigate and present expert evidence regarding the victim’s cause of death was not outcome determinative.  Where, as here, the underlying claim regarding failure to investigate is found meritorious, defendant suffers prejudice from appellate counsel's failure to argue on appeal that trial counsel was ineffective.  
People v. Johnson
, 183 Ill. 2d 176 (1998).  Therefore, we reject the State’s argument that defendant’s failure to raise this issue on direct appeal constitutes waiver.

Summary dismissal at the first stage of the post-conviction process based on allegations of ineffective assistance of counsel for failure to investigate and present expert evidence that Vinson died not from strangulation, but from a seizure, was not warranted.  The allegations regarding trial counsel’s failure to investigate and present expert evidence are not positively rebutted by the record.  
Coleman
, 183 Ill. 2d at 385.  Based on the value of the evidence and the closeness of the case, these allegations are neither frivolous nor patently without merit.  Regarding these allegations, the petition should advance to the second stage of the post-conviction process.

B. Affidavit of Dr. Gibbons

On appeal, defense counsel has included in the appendix an affidavit from Dr. William P. Gibbons addressing Vinson’s cause of death.  In that affidavit Dr. Gibbons identifies several findings of Dr. Kalelkar that do not support her conclusion that Vinson died from strangulation.  Dr. Gibbons concludes to a “reasonable degree of medical certainty that the medical evidence is consistent with grand mal epileptic seizure as the cause of death of Ms. Vinson.”  That affidavit was not attached to the post-conviction petition which the trial judge dismissed.  Appellate review is generally restricted to what has been properly presented and preserved of record in the trial court.  
People v. Friesland
, 109 Ill. 2d 369, 377 (1985).  The affidavit was not presented in compliance with the Act and is therefore stricken.  However, defendant will not be precluded from offering the affidavit of Dr. Gibbons in connection with his petition on remand during the second stage of the post-conviction process.  The affidavit, if so offered, is required to comply with the provisions of the Act.  725 ILCS 5/122-2 
et seq.
 (1998).

C. Failure to Present Expert on Unfitness

Defendant additionally claims that trial counsel was ineffective for failing to present medical expert opinion that defendant was unfit.  Recently the Illinois Supreme Court in 
People v. Rivera
, No. 89884 (December 6, 2001), addressed application of section 122-2.1 in the context of post-conviction petitions that present multiple allegations.  725 ILCS 5/122-2.1 (West 1998).  The 
Rivera
 court resolved the question, “What should be done with a noncapital post-conviction petition that contains multiple allegations-some of which are ‘frivolous’ or ‘patently without merit’ and some of which cannot be said to be either?”  (Emphasis omitted.)  
Rivera
, slip op. at 5. 

In 
Rivera
, the petition alleged six violations of defendant's constitutional rights.  The trial court dismissed four claims as frivolous or patently without merit.  However, defendant’s allegation that the interpreter provided during trial did not adequately translate and the allegation that both trial and appellate attorneys provided ineffective assistance of counsel survived.  The trial court found that defendant had stated the gist of a meritorious claim and advanced only those two surviving claims to the second stage of the post-conviction process. The appellate court held that the Act does not provide for partial dismissals and that, as a result, the entire petition should have been advanced to the second stage. 
 People v. Rivera
, 315 Ill. App. 3d 454, 458 (2000).

The Illinois Supreme Court in 
Rivera
,
 
relying on the history and the specific terms of the Act, affirmed that portion of the appellate court’s judgment as follows:

“Clearly, the Act does not speak in terms of dismissing individual claims that are either frivolous or patently without merit; the statute speaks solely in terms of the 
petition
 itself being frivolous or patently without merit, and the Act mandates that if the 
petition
 is not dismissed under section 122-2.1, then the trial court 
shall
 order the 
petition
 docketed.  ***  Under the plain language of the Act, in cases such as this, the circuit court must docket the 
entire
 petition, appoint counsel, if the petitioner is so entitled, and continue the matter for further proceedings in accordance with sections 122-4 through 122-6.  The State is then given the opportunity to answer or otherwise plead.”  (Emphasis in original.)  
Rivera
, slip op. at 5-6.

The court further commented on the nature of the first stage of the post-conviction process and noted, “In our view, the summary dismissal stage of the post-conviction proceeding does nothing more than allow the circuit court to act strictly in an administrative capacity by screening out those petitions which are without legal substance or are obviously without merit.”  
Rivera
, slip op. at 7.

The Illinois Supreme Court did not specifically address the application of the 
Rivera
 holding in the context of appellate review of post-conviction petitions containing multiple allegations.  We note that, at the first stage of the post-conviction process, all well-pled facts are taken as true unless positively rebutted by the record, and on appeal the trial court’s determination is subject to 
de novo
 review.  
People v. Coleman
, 183 Ill. 2d 366, 385, 388-89 (1998).  Consistent with the 
Rivera
 analysis, our appellate review of a post-conviction petition containing multiple allegations will adhere to the 
Rivera
 holding that the Act does not provide for partial dismissals.  As such, we believe 
Rivera
 would disallow appellate affirmance of a part of a trial court order dismissing one of multiple allegations where another allegation is found not to be frivolous or patently without merit.  As noted in 
Rivera
, the Act “speaks solely in terms of the petition being frivolous or patently without merit, and the Act mandates that if the petition is not dismissed under section 122-2.1, then the trial court shall order the petition docketed.”  
Rivera
, slip op. at 5-6. 

In this case, we are prepared to individually address the remaining claim raised in defendant’s 
pro se
 post-conviction petition that trial counsel was ineffective for failing to present medical expert opinion that defendant was unfit.  We believe, however, that the 
Rivera
 case precludes us from doing so because, for the reasons previously discussed, we found defendant stated the gist of a meritorious claim in the first allegation of his petition regarding ineffective assistance for failing to investigate and present expert evidence that Vinson’s cause of death was from a seizure, not from strangulation.  
Rivera
 precludes partial dismissals.  Our finding that the first allegation of the petition was meritorious requires the entire petition to be advanced to the second stage of the post-conviction process under the 
Rivera
 analysis.

We note that prior to 
Rivera
, we have undertaken individual 
de novo
 review of multiple claims raised during the appeal of a first stage post-conviction petition.  In 
People v. Smith
, No. 1-00-1341 (December 7, 2001), we  individually reviewed 
de novo
 12 separate claims alleged in the defendant’s first-stage post-conviction petition.  The trial court summarily dismissed the entire petition as frivolous and patently without merit.  In the context of that appeal, we found some of the allegations to be frivolous and without merit and affirmed the dismissal of those claims by the trial court.  However, several of the allegations stated the gist of a meritorious claim and we remanded for proceedings on those allegations under the second stage of the Act.  By not remanding the entire petition for the second stage of the post-conviction process, we in effect affirmed partial dismissal of the petition.  
People v. Smith
, No. 1-00-1341, slip op. at 28 (December 7, 2001).  

Here, under the principles recently articulated in 
Rivera
, we believe we no longer have the option of affirming partial dismissal.  For the reasons previously discussed, because the post-conviction petition is not frivolous or patently without merit the circuit court must docket the 
entire
 petition, appoint counsel if petitioner is so entitled and continue the matter for further proceedings in accordance with sections 122-4 through 122-6 of the Act.  The State will then be given the opportunity to answer or otherwise plead.

Partial summary dismissals at the first stage of a post-conviction proceeding arguably allow both the trial and appellate courts to focus limited resources on claims that have potential merit.  See 
Rivera
, slip op. at 12 (Fitzgerald, J., specially concurring)
.  However, we are mindful of the 
Rivera
 holding “that summary partial dismissals made during the first stage of a post-conviction proceeding are not permitted under the Act.”  
Rivera
, slip op. at 8.  That holding will essentially require second-stage post-conviction review of the 
entire
 petition and appointment of counsel, if petitioner is so entitled, whenever 
any
 allegation of a multiple-claim, first-stage post-conviction petition is not found to be frivolous or patently without merit.  In this case, because we have found neither frivolous nor patently without merit the claim that trial counsel was ineffective for failing to investigate and present expert evidence that Vinson’s cause of death was seizure, the entire petition should advance to the second stage of the post-conviction process.  

II. Sentence Under 
Apprendi

Defendant contends based on 
Apprendi v. New Jersey
, 530 U.S. 466, 120 S. Ct. 2348 (2000), that his sentence of 70 years imprisonment for first degree murder followed by a consecutive term of 30 years for aggravated criminal sexual assault must be vacated because the finding that the offense was accompanied by brutal and heinous behavior indicative of wanton cruelty was made by the trial court at sentencing rather than the jury and because that factor was not included in the indictment.  Defendant argues that 
Apprendi
 should be applied retroactively to post-conviction proceedings.  

The test for analyzing the retroactivity of new constitutional rules of criminal procedure was articulated by the Supreme Court of the United States in 
Teague v. Lane
: “Unless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.”  
Teague v. Lane
, 489 U.S. 288, 310, 103 L. Ed. 2d 334, 356, 109 S. Ct. 1060, 1075 (1989).  The first exception is that a new rule will apply retroactively if it “places ‘certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe’ [citation].”  
Teague
, 489 U.S. at 311, 103 L. Ed. 2d at 356, 109 S. Ct. at 1075.  
Apprendi
 does not apply under the first exception.  The second exception is for “the observance of ‘those procedures that...are ‘implicit in the concept of ordered liberty” ’ [Citations.].”  
Teague
, 489 U.S. at 311, 103 L. Ed. 2d at 356, 109 S. Ct. at 1076.  There is a split in authority regarding application of 
Apprendi
 under the second 
Teague
 exception.  
See 
People v. Beachem
, 317 Ill. App. 3d 693, 706 (1st Dist. 3d Div.
 2000); 
People v. Kizer
, 318 Ill. App. 3d 238, 252 (1st Dist. 1st Div.
 2000); 
People v. Scullark
, No. 1-99-1722, slip op. at 29 (1st
 Dist. 2d Div. 
October 30, 2001).
 

Kizer
 held that 
Apprendi
 may not be applied retroactively to cases pending on collateral review.  
Kizer
, 318 Ill. App. 3d at 252.
  
The court relied on 
People v. Flowers
, incorporating the 
Teague
 rule into Illinois law by our supreme court.  
People v. Flowers
, 138 Ill. 2d 218, 237 (1990).   
Kizer 
found 
People v. Reddick
, 123 Ill. 2d 184 (1988), instructive in resolving whether 
Apprendi
 fell within the “ordered liberty exception” to the 
Teague
 rule
.  
Kizer
, 318 Ill. App. 3d at 250, citing 
People v. Reddick
, 123 Ill. 2d 184 (1988).
  In 
Reddick
 our supreme court held that “certain instructions, such as the burden of proof and elements of the offense, are essential to a fair trial and that the failure to give such instructions constitutes grave error when, viewing the record as a whole, it appears that the jury was not apprised of the People’s burden of proof.”  
Reddick
, 123 Ill. 2d at 198.  In 
Flowers
, our supreme court held that the rule announced in 
Reddick
 did not “establish such a component of basic due process so as to fall within” the ordered liberty exception recognized by 
Teague 
for purposes of retroactive application.  
Flowers
, 138 Ill. 2d at 242.

In 
Kizer
, we noted that the “burden of proof problem in 
Reddick
 exposed defendants to the danger of deprivations just as unfair as any deriving from the 
Apprendi
 problem.”  
Kizer
, 318 Ill. App. 3d at 252. 
 Beachem
 distinguished 
Apprendi
 from 
Reddick 
because 
Reddick
 “did not implicate the right to a jury verdict beyond a reasonable doubt and, consequently, the fundamental fairness and accuracy concerns inherent” in the 
ordered liberty exception to the 
Teague 
rule.  
Beachem
, 317 Ill. App. 3d at 705.  In rejecting that distinction, 
Kizer
 noted the fact that the jury in 
Reddick
 received instructions that failed to inform the jury of the State’s burden of proof and that the 
Reddick
 court held that “ ‘certain instructions, such as the burden of proof *** are essential to a fair trial.’ ”  (Emphasis omitted.)  
Kizer
, 318 Ill. App. 3d at 251, quoting 
Reddick
, 123 Ill. 2d at 198.  

We find the fact that the jury instructions which the jury did not receive in 
Reddick
 failed to properly inform the 
Reddick 
jury that the State’s burden of proof in a criminal trial is proof beyond a reasonable doubt directly implicates the defendant’s right to a jury verdict beyond a reasonable doubt.  Moreover, the 
Kizer
 court recognized that fact.  In rejecting retroactive application of 
Apprendi
, 
Kizer
 concluded 
that if 
the burden of proof instructions recognized in 
Reddick
 as essential to a fair trial did not fall within the “ordered liberty” exception to the 
Flowers-Teague
 rule, then neither did the procedures addressed in 
Apprendi
.  
Kizer
, 318 Ill. App. 3d at 251-52.  We agree with 
Kizer
 and hold that 
Apprendi
 does not apply retroactively to cases on collateral review.  
Kizer
, 318 Ill. App. 3d 238; 
People v. Scullark
, No. 1-99-1722 (October 30, 2001).  We need not further address the merits of the defendant’s claim regarding his sentence since we find 
Apprendi
 does not apply retroactively to cases on collateral review. 

CONCLUSION

For the reasons previously discussed, we conclude that defendant’s petition was not properly dismissed at the first stage of the post-conviction proceeding.  Summary dismissal at the first stage of the post-conviction process based on allegations of ineffective assistance of counsel for failure to investigate and present medical evidence that Vinson died, not from strangulation, but from a seizure, was not warranted.  Those allegations were not rebutted by the record.  The record does not support the conclusion that defendant’s claim of ineffective assistance of trial counsel was frivolous or patently without merit.  725 ILCS 5/122-21(a)(2) (West 1998).  Our holding is limited to the specific issue before us as to whether the circuit court erred in dismissing defendant’s petition at the first stage of the post-conviction process.  Therefore, the entire petition is to be redocketed and advanced to the second stage.  
Rivera
, slip op. at 5-6.

If necessary, counsel is to be appointed by the circuit court to represent the defendant, if necessary under the provisions of the Act (725 ILCS 5/122-4 (West 1998)), and the State is allowed to file responsive pleadings (725 ILCS 5/122-5 (West 1998)).  At the second stage, the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation.  
Coleman
, 183 Ill. 2d at 381.  If no such showing is made, the petition is dismissed.  If, however, a substantial showing of a constitutional violation is set forth, then the petition is advanced to the third stage, where the circuit court conducts an evidentiary hearing (725 ILCS 5/122-6 (West 1998)).  
Gaultney
, 174 Ill. 2d at 418.

Reversed and remanded with directions.

BUCKLEY and O’BRIEN, JJ., concur.