2018 IL App (1st) 152029-U

No. 1-15-2029

Order filed January 10, 2018

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 10 CR 15889 |
| | ) | |
| ASHTON DANIEL, | ) | Honorable |
| | ) | Nicholas Ford, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE COBBS delivered the judgment of the court.
Justices Howse and Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court's first-stage dismissal of defendant's postconviction petition is affirmed over his contention that his counsel was ineffective for failing to investigate and present two witnesses.

¶ 2    Defendant Ashton Daniel appeals the summary dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2014)). He contends that the trial court erred in dismissing his petition because he presented an arguable claim of ineffective assistance of counsel where his trial counsel failed to investigate and present two

witnesses who would have supported his defense that he was misidentified as the offender. We affirm.

¶ 3    Following a jury trial, defendant was convicted of armed robbery (720 ILCS 5/18-2 (West 2010)) and aggravated unlawful restraint (720 ILCS 5/10-3.1 (West 2010)). He was sentenced to concurrent terms of 34 years' imprisonment (armed robbery) and 5 years' imprisonment (aggravated unlawful restraint). On direct appeal, this court affirmed his conviction for armed robbery and vacated his conviction for aggravated unlawful restraint for violating the one-act, one-crime rule. See *People v. Daniel*, 2014 IL App (1st) 121171. Because we set forth the facts on direct appeal, we recount them here only to the extent necessary to resolve the issue raised on appeal. See *Daniel*, 2014 IL App (1st) 121171, ¶¶ 3-7.

¶ 4    The record shows that, on May 28, 2010, Ayoob Shafi and his friend, Naveed Khan, were at the South Side Health Food Store, which Shafi owned, at 8609 South Cottage Grove Avenue. Shafi and Khan were in the store's rear office when defendant arrived at the front counter. Shafi left the back room to assist defendant, who asked Shafi to check the balance on his Link card. Shafi agreed, and, as he swiped the card, defendant produced a gun and demanded money. Shafi removed money from the cash register for defendant, who then ordered him to lie on the ground and threatened to shoot him. Shafi complied and defendant removed more money from the register. At this time, a second unidentified offender entered the store. Defendant ordered Shafi to crawl to the back of the store. As Shafi did so, defendant kicked and beat him. At some point, defendant demanded more money of Shafi, and he relinquished his wallet. Defendant placed his gun in Shafi's mouth and said that he would shoot if Shafi talked. The offenders then broke down the door to the rear office and discovered Khan. While they threatened Khan, Shafi exited

through the front door. The two men briefly chased Shafi, but soon fled the scene. Defendant left his Link card behind in Shafi's store.

¶ 5      Shafi provided a description of defendant to the responding officers. He told Detective Mark Pacelli that he had previously seen the man in his store. Pacelli learned that the Link card recovered at the scene belonged to defendant and had been used on May 12, 2010—nearly two weeks before the offense. He also learned defendant had reported the Link card stolen on June 10, 2010—nearly two weeks after the offense. Shafi provided Pacelli with surveillance footage from both May 12 and May 28, 2010.

¶ 6      On June 16, 2010, Shafi identified defendant in a photo array, stating that "the gentleman in picture number 2 looked like the offender," but he could not be a hundred percent certain from the photograph and "would need to see the individual in person to make the identification." On August 22, 2010, following defendant's arrest for an unrelated offense, Shafi identified defendant in a five-person lineup. Khan did not view the lineup, due to a religious holiday.

¶ 7      At trial, Shafi and Khan identified defendant. In addition to presenting the testimony of Shafi, Khan, and several police officers, the State admitted photographs of the scene and Shafi's injuries; surveillance footage from May 28, 2010; still photographs taken from the May 12 and May 28, 2010, surveillance videos; a copy of the June 16, 2010, photo array; and a photograph of the August 22, 2010 lineup. Defendant presented no evidence.

¶ 8      After argument, the jury found defendant guilty of armed robbery and aggravated unlawful restraint. The trial court sentenced defendant to 34 years' imprisonment on the armed robbery count, to run concurrently with a term of 5 years' imprisonment on the aggravated unlawful restraint count.

¶ 9    On direct appeal, defendant's appellate counsel challenged that: (1) the photo array and lineup identification procedures were unduly suggestive; (2) the State failed to prove him guilty beyond a reasonable doubt; (3) the State made improper and prejudicial comments during opening statement and closing argument; (4) his sentence was excessive; (5) his aggravated unlawful restraint conviction violated the one-act, one-crime principle; (6) the jury was not properly instructed regarding armed robbery with a firearm; (7) the jury did not make the requisite finding to support a 15–year firearm enhancement; and (8) he was improperly assessed a $200 DNA indexing fee. This court affirmed defendant's conviction for armed robbery, vacated the DNA indexing fee, and vacated his conviction for aggravated unlawful restraint for violating the one-act, one-crime rule. See *Daniel*, 2014 IL App (1st) 121171.

¶ 10    On June 12, 2014, defendant filed a petition titled "Motion to Dismiss Petition for Relief from Judgment pursuant to 735 ILCS 5/2-1401." On June 17, 2014, he filed a motion titled "Petition for Relief from Judgment." In the largely identical petitions, defendant asserted that: (1) the trial court gave an erroneous jury instruction; (2) he was deprived of his right to counsel during the pre-trial lineup; and (3) his trial counsel was ineffective. On October 3, 2014, the trial court dismissed the petitions.

¶ 11    On March 17, 2015, defendant filed the *pro se* postconviction petition at bar, alleging that he was denied due process when he was charged with armed robbery, but convicted of armed robbery with a firearm, which is not a lesser included offense of armed robbery. He also argued that his trial counsel was ineffective for: (1) failing to challenge his conviction on an uncharged offense; (2) failing to object to an *Apprendi* violation; (3) failing to object to an erroneous jury

instruction; and (4) failing to investigate and present certain witnesses. Finally, defendant argued that his appellate counsel as ineffective for failing to raise the aforementioned claims.

¶ 12    On May 22, 2015, the trial court summarily dismissed the petition, stating that the petition was frivolous and patently without merit. With respect to defendant's argument that his counsel was ineffective for failing to call certain witnesses, the court noted that defendant's petition did not conform to the statutory requirement where it was not supported by supporting materials or affidavits attesting to the testimony of the alleged witnesses. The court found that such a defect was fatal to the petition and, therefore, it was not required to consider the merits of defendant's claim. Defendant filed a timely notice of appeal.

¶ 13    Defendant appeals, arguing that the trial court erred in summarily dismissing his petition at the first-stage of postconviction proceedings because the petition stated an arguable claim of ineffective assistance of counsel. Defendant claims that his trial counsel was ineffective for not investigating and presenting two witnesses that would have bolstered the theory of his defense. Specifically, defendant argues that his counsel never interviewed his girlfriend, who would have provided him with an alibi, nor did counsel interview Vicki Johnson, a witness who was unable to identify defendant in a lineup.

¶ 14    Where, as here, a postconviction petition does not implicate the death penalty, a circuit court adjudicates the petition in three distinct stages. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). At the first stage of postconviction proceedings, the trial court may dismiss a petition only if it is " 'frivolous or is patently without merit.' " *People v. Cotto*, 2016 IL 119006, ¶ 26 (quoting 725 ILCS 5/122-2.1(a)(2) (West 2014)). A petition is frivolous and or patently without merit if it " 'has no arguable basis * * * in law or in fact.' " *People v. Papaleo*, 2016 IL App (1st) 150947, ¶

19 (quoting *People v. Hodges*, 234 Ill. 2d 1, 11-12 (2009)). A petition has no arguable basis in law or fact if it is based on an indisputably meritless legal theory or a fanciful factual allegation. *Hodges*, 234 Ill. 2d at 16. "A legal theory is 'indisputably meritless' if it is 'completely contradicted by the record,' and a factual allegation is 'fanciful' if it is 'fantastic or delusional.' " *Papaleo*, 2016 IL App (1st) 150947, ¶ 19 (quoting *Hodges*, 234 Ill. 2d at 16-17 (2009)). We review the dismissal of a first-stage postconviction petition *de novo*. *People v. Williams*, 2015 IL App (1st) 131359, ¶ 28.

¶ 15    In this court, defendant argues that his counsel was ineffective for not investigating and presenting Johnson as a "negative identification" witness, as well as his girlfriend, who would have provided him with an alibi. Defendant claims that Johnson's testimony that she did not identify defendant in the lineup would have bolstered his defense that he was misidentified. Likewise, he attests that his girlfriend's testimony would have provided him with an alibi for the time of the robbery. The State responds, and we agree, that the trial court correctly dismissed defendant's petition because he failed to either attach affidavits from Johnson and his girlfriend, or provide an explanation for the absence of such affidavits, as required by the section 122-2 of the Act.

¶ 16    Section 122–2 of the Act requires a defendant to support the allegations in his postconviction petition by either attaching factual documentation to the petition, or otherwise explaining the absence of such evidence. 725 ILCS 5/122–2 (West 2014); *People v. Delton,* 227 Ill. 2d 247, 253 (2008). The purpose of this requirement is to show that the allegations in the petition are capable of independent or objective corroboration. *Delton*, 227 Ill. 2d at 254; *People v. Allen*, 2015 IL 113135, ¶ 34. It is well-settled that a claim that trial counsel failed to

investigate and call witnesses must be supported by an affidavit from the proposed witness. *People v. Jones*, 399 Ill. App. 3d 341, 371 (2010). The defendant's failure to attach the affidavits or documentation required by section 122–2 of the Act, or otherwise explain their absence, is "fatal" to his postconviction petition and alone justifies summary dismissal of the petition. *Delton,* 227 Ill. 2d at 255 (citing *People v. Collins,* 202 Ill. 2d 59, 66 (2002)). Without affidavits from the proposed witnesses, the reviewing court cannot determine whether those witnesses could have provided testimony favorable to the defendant, and thus, further review of the claim is not necessary. *Jones,* 399 Ill. App. 3d at 371 (citing *Enis,* 194 Ill. 2d at 380). If a postconviction petition is not properly supported with attachments as required by section 122–2, the court need not reach the question of whether it states the gist of a constitutional claim to survive summary dismissal. *Delton,* 227 Ill. 2d at 255.

¶ 17    Here, defendant's petition did not include an affidavit from either his girlfriend or Johnson, nor did it describe any efforts or any unsuccessful attempts he made to obtain the necessary affidavits. As such, given defendant's failure to attach the purported witnesses' affidavits to support the allegations in his petition and his failure to sufficiently explain their absence, as required by the pleading requirements of section 122–2 of the Act, the trial court did not err in summarily dismissing his petition. See *Jones,* 399 Ill. App. 3d at 371 (citing *Enis,* 194 Ill. 2d at 380).

¶ 18    In his reply brief, defendant, for the first time, asserts that he was unable to provide more information because "Supreme Court Rule 415(c) prohibited him from accessing discovery materials, and thus any details about Johnson." The Act, however, requires a defendant to provide the trial court with either an affidavit or an explanation for the lack of an affidavit. As

mentioned, defendant did neither in this case. Moreover, because defendant offers his explanation for failing to do so for the first time on appeal, it is forfeited. See *People v. Pendleton*, 223 Ill. 2d 458, 475 (2006) (explaining that the defendant had forfeited his argument by not raising the issue in either his *pro se* petition or an amended petition).

¶ 19    That said, even if we were to examine the merits of defendant's claim, we would nevertheless affirm the trial court's dismissal of his ineffective assistance of counsel claim. To prevail on a claim of ineffective assistance of counsel, "a defendant must show that counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v. Domagala*, 2013 IL 113688, ¶ 36 (quoting *Strickland v. Washington*, 466 U.S. 688, 694 (1984)). At the first stage of postconviction proceedings, a petition that alleges ineffective assistance of counsel "may not be summarily dismissed if (i) it is arguable that counsel's performance fell below an objective standard of reasonableness and (ii) it is arguable that the defendant was prejudiced." *Tate*, 2012 IL 112214, ¶¶ 19-20; *Hodges*, 234 Ill. 2d at 17.

¶ 20    Here, defendant argues that he has established prejudice because the testimony of Johnson and his girlfriend would have bolstered his defense that he was misidentified. He contends that Shafi and Khan's identifications were "questionable" and that the evidence of his two witnesses would have arguably rebutted the State's eyewitnesses. In his direct appeal, however, we found that Shafi's identification was hardly "questionable." We noted that he had "ample" opportunity to view defendant during the robbery, and that he even recognized him as a "returning customer." Although Khan's identification had "fewer indicia of reliability,"

defendant's conviction was also supported by surveillance video and the presence of his Link card on the scene. Given the evidence presented against defendant, and the little that we know about the witnesses he contends should have been called, we cannot say that it is arguable that the proceedings would have been different had these two witnesses been heard. See *People v. Harmon*, 2013 IL App (2d) 120439, ¶ 26 (citing *People v. Montgomery*, 327 Ill. App. 3d 180, 185 (2001)) ("Whether the failure to investigate constitutes ineffective assistance of counsel is determined by the value of the evidence not presented at trial and the closeness of the evidence that was presented at trial."). Accordingly, we conclude that the court did not err in dismissing this claim as frivolous and patently without merit.

¶ 21    For these reasons, we affirm the first-stage dismissal of defendant's postconviction petition.

¶ 22    Affirmed.