2022 IL App (1st) 200989-U

No. 1-20-0989

Order filed May 4, 2022

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 CR 16649 |
| | ) | |
| REGINALD JOHNSON, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE GORDON delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court properly entered a summary dismissal of defendant's *pro se* postconviction petition, which failed to state a claim that trial counsel was arguably ineffective.

¶ 2    Defendant Reginald Johnson appeals from the summary dismissal of his *pro se* petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq*. (West 2018)). On appeal, defendant contends he raised an arguably meritorious claim that trial counsel was ineffective for failing to present evidence of defendant's sleep disorder at trial to dispel the prejudicial inference

that he was driving while inebriated when he committed armed habitual criminal. For the following reasons, we affirm.

¶ 3    Following a 2016 jury trial, defendant was found guilty of armed habitual criminal and sentenced to 15 years' imprisonment. The facts of this case are detailed in this court's order on direct appeal. See *People v. Johnson*, 2019 IL App (1st) 163416-U. Accordingly, we recount only the facts necessary to resolve the present appeal.

¶ 4    Prior to trial, during *voir dire*, a prospective juror expressed discomfort about judging another individual's future. The trial court advised the venire:

"We can have a situation. I am just using this by example. I hope this never happens to you. Some drunk driver runs over a loved one. Talking to the insurance company. They don't want to be fair. They don't want to settle. You need 12 people to listen to your side of the story. We need to listen to the case and find justice for each other. That's what we have to do."

¶ 5    Ultimately, the court *sua sponte* dismissed the prospective juror.

¶ 6    The evidence at trial showed that on September 23, 2015, at approximately 4:30 a.m., police officers discovered defendant asleep in the driver's seat of a vehicle stopped at a traffic light on the 2000 block of East Marquette Road, near Lake Shore Drive. Loud music was playing inside the vehicle. Officers and firefighters attempted to wake defendant by knocking on the windows and rocking the vehicle, but it began rolling across Lake Shore Drive. The responders broke a window, stopped the vehicle, and recovered a loaded firearm wedged between defendant's right thigh and the driver's seat. Defendant remained asleep throughout the incident. An evidence technician tested the firearm for fingerprints, but could not recover latent ridge impressions.

Evidence was adduced that defendant did not own the vehicle, the responding officers never administered field sobriety tests, and nothing led the officers to believe defendant was under the influence of alcohol other than his being asleep in the vehicle. The State entered a stipulation that defendant had two prior qualifying felony convictions for purposes of armed habitual criminal.

¶ 7    During closing arguments, trial counsel commented that defendant "wasn't tested for DUI," although he slept through "sirens blaring, air horns going off, [and] pounding at windows." Trial counsel asked the jury to use "common sense" when considering the situation, and to ask whether defendant actually possessed the firearm, "or was it just in the car and [the State is] trying to say he possessed it?"

¶ 8    The jury found defendant guilty of armed habitual criminal and, after a hearing, the trial court imposed 15 years' imprisonment. While pronouncing sentence, the trial court commented that defendant was "very inebriated on something" during the incident.

¶ 9    On direct appeal, defendant argued that (1) the trial court failed to comply with Illinois Supreme Court Rule 431(b) (eff. July 1, 2012); (2) the State did not prove that defendant possessed the firearm; and (3) the trial court erred in considering his inebriation, a fact not in evidence, during sentencing. We affirmed. *Johnson*, 2019 IL App (1st) 163416-U. Regarding defendant's claim that the trial court committed plain error in failing to comply with Rule 431(b), we noted that the evidence that defendant possessed the firearm was not closely balanced. *Johnson*, 2019 IL App (1st) 163416-U at ¶ 26.

¶ 10    On May 14, 2020, defendant filed a *pro se* postconviction petition. Defendant argued, *inter alia*, that trial counsel was ineffective for not investigating defendant's sleeping disorder. Defendant alleged he told trial counsel that he had "insombia [*sic*] sleeping disorder" which

exhausted him and resulted in his inability to be roused from sleep. According to defendant, the jury incorrectly believed defendant "was under some sort of drugs or alcohol" and the trial court used his apparent intoxication as an aggravating factor during sentencing.

¶ 11    Defendant attached his affidavit averring that he had a medical condition called "insombia [*sic*] sleeping disorder" and sometimes does not sleep for two days. When he does sleep, "it is really hard to wake [him] up, because [his] body be [*sic*] exhausted from not sleeping." Defendant denied being under the influence of alcohol or drugs at the time of his arrest. Additionally, defendant averred that trial counsel told him that he would disclose his sleep disorder during trial, but did not do so.

¶ 12    On July 24, 2020, the circuit court "denied" defendant's petition as without merit. In ruling, the court commented that the arresting officers could reasonably assume that defendant was inebriated, and, even if defendant had a sleep disorder, he was "parked improperly and not responding to police trying to wake him." Had trial counsel presented evidence of defendant's sleep disorder to the jury, such evidence would not "have made one bit of difference as to how the police acted towards him." Further, the evidence at trial was not "closely balanced at all."

¶ 13    On appeal, defendant argues that the circuit court erred in summarily dismissing his postconviction petition because he presented an arguable claim that trial counsel was ineffective for failing to present evidence of his sleep disorder. According to defendant, trial counsel should have presented the evidence to dispel the "inherently prejudicial" inference that he was driving while inebriated.

¶ 14    The Act provides a three-stage mechanism by which defendants may collaterally challenge their convictions for violations of federal or state constitutional rights. 725 ILCS 5/122-1 *et seq*.

(West 2018); *People v. LaPointe*, 227 Ill. 2d 39, 43 (2007). At the first stage of proceedings, the circuit court must independently review the petition, taking the allegations as true, and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2018); *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). A petition is frivolous or patently without merit if it has no arguable basis in law or fact and is instead based on a meritless legal theory or fanciful factual allegations. *People v. Hodges*, 234 Ill. 2d 1, 11-13, 16 (2009). A meritless legal theory is one that is completely contradicted by the record. *People v. White*, 2014 IL App (1st) 130007, ¶ 18. Fanciful factual allegations "include those which are fantastic or delusional." *Hodges*, 234 Ill. 2d at 17.

¶ 15    The petition need only present a limited amount of detail and need not set forth the claim in its entirety. *People v. Edwards*, 197 Ill. 2d at 244. Although a *pro se* petitioner need only set forth the gist of a constitutional claim, this low threshold does not excuse the petitioner from providing any factual detail at all regarding the alleged constitutional violation. *Hodges*, 234 Ill. 2d at 10. " '[W]hile a *pro se* petition is not expected to set forth a complete and detailed factual recitation, it must set forth some facts which can be corroborated and are objective in nature or contain some explanation as to why those facts are absent. " *Hodges*, 234 Ill. 2d at 10 (quoting *People v. Delton*, 227 Ill. 2d 247, 254-55 (2008)). In determining whether a petition presents a valid claim for relief, "the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding," as well as any affidavits, records, or other evidence supporting the allegations. 725 ILCS 5/122-2.1(c) (West 2018); 725 ILCS 5/122-2 (West 2018). Unsupported allegations in a postconviction petition are frivolous and patently without merit. *People v. Collins*,

202 Ill. 2d 59, 68-69 (2002). The circuit court here summarily dismissed defendant's petition at the first stage. Our review of the summary dismissal of defendant's petition is *de novo*. *Hodges*, 234 Ill. 2d at 9.

¶ 16    To state a claim of ineffective assistance of counsel in first stage postconviction proceedings, a defendant must demonstrate it is arguable that (1) counsel's performance "fell below an objective standard of reasonableness" and (2) the defendant was prejudiced by counsel's deficient performance. *Hodges*, 234 Ill. 2d at 17 (citing *Strickland v. Washington*, 466 U.S. 668, 678-88 (1984)). More specifically, a defendant must show that it is arguable "counsel's performance was objectively unreasonable under prevailing professional norms and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v. Cathey*, 2012 IL 111746, ¶ 23 (quoting *Strickland*, 466 U.S. at 694). If the defendant fails to show he was arguably prejudiced by his counsel's performance, then we can dispose of the ineffective assistance claim on that basis alone. *People v. Wilson*, 2014 IL App (1st) 113570, ¶ 46.

¶ 17    Trial counsel has a duty to conduct both factual and legal investigations on behalf of the defendant. *People v. Montgomery*, 327 Ill. App. 3d 180, 185 (2001). Whether a trial counsel's failure to investigate amounts to ineffectiveness is determined by the value of the evidence which was not presented at trial and the closeness of the evidence that was presented. *Montgomery*, 327 Ill. App. 3d at 185. "Where circumstances known to counsel at the time do not reveal a sound basis for further inquiry in a particular area, it is not ineffective for the attorney to forgo additional investigation." *People v. Williams*, 2017 IL App (1st) 152021, ¶ 38. Broad conclusory allegations of ineffective assistance of counsel are not allowed under the Act. *Delton*, 227 Ill. 2d at 258.

¶ 18    The allegations in defendant's petition, taken as true, do not establish that he was arguably prejudiced by trial counsel's failure to investigate and present evidence of his sleep disorder during trial. Crucially, defendant does not explain how the jury's alleged belief that he was inebriated affected its verdict for armed habitual criminal. In order to prove defendant guilty of armed habitual criminal, the State had to prove beyond a reasonable doubt that he possessed a firearm after having been convicted two or more times of certain qualifying offenses. 720 ILCS 5/24-1.7(a)(3) (West 2018). The fact that defendant was discovered asleep in a vehicle, whether inebriated or not, had no bearing on the elements of the offense.

¶ 19    Indeed, the circuit court, and this court on direct appeal, both commented on the overwhelming nature of the evidence. Considering the record as a whole, trial counsel's alleged failure to investigate and present evidence of defendant's sleep disorder was not arguably prejudicial where defendant was found with a firearm wedged under his thigh. No reasonable probability exists that the verdict would have been different had counsel presented evidence of defendant's sleep disorder. See *Cathey*, 2012 IL 111746, ¶ 23.

¶ 20    Although on appeal defendant cites several law journal articles discussing the "established public vitriol against drinking and driving," he did not attach those to his petition and we cannot consider evidence not presented to the circuit court. See *Montgomery*, 327 Ill. App. 3d at 186 ("Appellate review is generally restricted to what has been properly presented and preserved of record in the [circuit] court."). Moreover, defendant does not identify evidence in the record that the jury displayed any such prejudice. While defendant contends that the trial court's hypothetical question regarding an inebriated driver during *voir dire* "placed the dangers of drinking and driving in the minds of the jury," he does not establish that this comment had any effect upon the

proceedings. Defendant merely speculates that the jury was prejudiced against him because inferences in the evidence might have led them to think he was driving while intoxicated. "A defendant cannot rely on speculation or conjecture to justify his claim of incompetent representation." *People v Pecoraro*, 175 Ill. 2d 294, 324 (1997).

¶ 21    Defendant also argues that trial counsel was ineffective for mentioning his apparent intoxication during closing arguments. He comments that, "although not specifically allege[d] *** in his *pro se* petition," this argument "follows" from his claim that trial counsel was ineffective for failing to present evidence of the sleep disorder to "lift the prejudicial blanket of the inference that [defendant] was inebriated."

¶ 22    The appellate court does not have supervisory authority to review postconviction claims raised for the first time on appeal. *People v. Jones*, 213 Ill. 2d 498, 507 (2004). Nevertheless, even if we read defendant's petition liberally to encompass trial counsel's ineffectiveness during closing argument, the same issue arises. Defendant only speculates that the statement influenced the jury and affected the trial, but identifies nothing in the record to establish that was the case. See *Pecoraro*, 175 Ill. 2d at 324.

¶ 23    Based on the foregoing, defendant provides no support for his conclusion that an arguably reasonable probability exists that the result of the trial would have been different had trial counsel presented evidence of his sleep disorder. Accordingly, he has not shown that he was prejudiced by the omission, and the circuit court did not err in summarily dismissing his postconviction petition.

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 25    Affirmed.